Cyrus B. Martinez (No. 021207)
ROBAINA & KRESIN PLLC
One E. Camelback Road, Suite 300
Phoenix, Arizona 85012
Telephone: (602) 682-6450
Facsimile:  (602) 682-6455
cbm@robainalaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ROBIN F. STRICK, on behalf of herself and all employees similarly situated, | No. _____ |
| Plaintiffs, | **COMPLAINT** |
| vs. | (Jury Trial Demanded) |
| ORCHARD MEDICAL CONSULTING, L.L.C.; ROBIN ORCHARD and JOHN PHILIP ORCHARD, husband and wife, | |
| Defendants | |

Plaintiff Robin F. Strick, individually and on behalf of others similarly situated, brings this action and alleges as follows:

1. Robin F. Strick is a single woman who at all relevant times was a resident of Maricopa County, Arizona.

2. Defendant Orchard Medical Consulting, L.L.C. ("OMC") is an Arizona limited liability company doing business in Maricopa County, Arizona.

3. Upon information and belief, Defendant Robin Orchard is the sole member and manager of OMC.

4. Upon information and belief, Robin Orchard is a married woman residing in Maricopa County, Arizona with her husband, John Philip Orchard, and all acts of Robin Orchard were performed on behalf of the marital community.

5. The events giving rise to these causes of action occurred in Maricopa County, Arizona.

6. This Court has jurisdiction over the parties and the claims alleged herein because the action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").

7. Venue is proper in this Court because Defendant OMC is located in this district, OMC conducts business in this district, and the acts and omissions described herein took place within this district.

8. From approximately August 29, 2005 to approximately May 3, 2010, OMC employed Plaintiff as a Case Manager for its Arizona operations.

9. Defendants required Plaintiff, as a Case Manager, to work a minimum number of billable hours each month to obtain her salary; most recently the base number of hours Plaintiff was expected to bill was forty (40) hours per week.

10. As an "incentive" for Plaintiff to bill more than the aforementioned minimum number of billable hours, Defendants also had a practice of paying Plaintiff for hours that she billed in excess of that minimum at her regular hourly pay rate; most recently Plaintiff's pay rate was $34.62 per hour billed.

11. In January of 2010, OMC announced that it was changing its policy to "cap" the hours billed in excess of the minimum; Plaintiff was advised that she would be paid for 35.8 hours billed over the minimum required for January, and that the remaining hours that she billed in excess of the minimum were to be "rolled over" into February.

12. In February of 2010, Plaintiff again billed hours in excess of the minimum and the aforementioned "cap." OMC moved those "capped" hours into a "bank" for later payment.

13. On March 9, 2010, Plaintiff learned that OMC was no longer "capping" hours and that they should be submitted in the months that they were worked and billed.

1  Plaintiff therefore requested that the hours that had previously been "rolled" be moved back to the months where they were actually worked and billed.

14. On March 23, 2010, Denise Maier, OMC's Vice President of Case Management Services, indicated that hours billed by Plaintiff in March which had been rolled onto April's books would be returned to March.

15. OMC also took Plaintiff's hours from February previously rolled into March and "banked" those hours; at the end of March 2010, the Company gave Plaintiff a document is entitled, "Robin Strick's March H Log." That document indicated that Plaintiff had billed a total of 495.9 hours in excess of the minimum expected in February and March.

16. On April 19, 2010, OMC gave Plaintiff a document entitled, "Robin Strick's Bank," and indicated that Plaintiff had 256.5 hours in the "bank" for work that she had performed in February. At $34.62 per hour billed, Plaintiff expected to be paid $8,880.03 for those hours. To date, OMC has not paid Plaintiff for those hours.

17. On April 13, 2010, Denise Maier informed Plaintiff that the aforementioned February hours were "considered 'banked' hours and will be paid in 80 hour increments until your bank is paid out." To date, OMC has never paid Plaintiff for those hours.

18. Plaintiff also worked 118.7 hours beyond the minimum expectation in April, 2010. At $34.62 per hour billed, Plaintiff expected to be paid $4,109.39 for those hours. To date, OMC has not paid Plaintiff for those hours.

19. Throughout Plaintiff's employment, Defendants classified Plaintiff and other Case Managers similarly situated to her as "exempt employees" for purposes of the FLSA.

20. Throughout Plaintiff's employment, she regularly worked in excess of forty (40) hours per week.

21. Upon information and belief, at all relevant times, other Case Managers similarly situated to Plaintiff frequently worked more than forty (40) hours per week.

22. At all relevant times, Defendants, pursuant to a common policy and/or practice, failed or refused to pay Case Managers who worked more than forty (40) hours per week any overtime compensation.

23. During those times, Defendants knew that their conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

24. On May 3, 2010, Plaintiff resigned from employment with OMC.

25. Plaintiff has repeatedly demanded payment of the compensation owed to her, but Defendants have refused to pay her.

### **Count One (Arizona Wage Act Violation)**

26. Plaintiff incorporates herein all previous allegations in this Complaint.

27. At all relevant times, Plaintiff was an employee performing services under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

28. At all relevant times, Defendant was an employer employing Plaintiff under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

29. The February and April hours described above were wages under the Arizona Wage Act, A.R.S. § 23-350 *et seq.*

30. Defendant violated and continues to violate A.R.S. §§ 23-352 and 23-353 by withholding Plaintiff's wages.

31. Plaintiff is entitled to treble damages under A.R.S. § 23-355.

32. Plaintiff is entitled to recover her attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

### **Count Two (Breach of Contract)**

33. Plaintiff incorporates herein all previous allegations in this Complaint.

34. The parties entered into an employment contract under which Plaintiff promised to perform services and Defendants promised to pay Plaintiff compensation and benefits for the services performed.

| | |
|---|---|
| 1 | 35. Plaintiff performed her obligations under the employment contract. |
| 2 | 36. Defendants breached the employment contract by failing to pay Plaintiff |
| 3 | the compensation and benefits owed under the contract. |
| 4 | 37. As a result of Defendant's breach, Plaintiff has suffered damages in an |
| 5 | amount to be proven at trial. |
| 6 | 38. Plaintiff is entitled to recover her attorneys' fees and related expenses |
| 7 | under A.R.S. § 12-341.01. |

**Count Three (Promissory Estoppel)**

39. Plaintiff incorporates herein all previous allegations in this Complaint.

40. Defendants promised to pay Plaintiff as described above in exchange for providing the labor described.

41. Plaintiff provided that labor in reliance on Defendants' promises.

42. Defendants have refused to comply with their promise to pay Plaintiff as described above.

43. It was reasonably foreseeable to Defendants that Plaintiff would rely upon Defendants' promises to her detriment.

44. As a result of her reliance, Plaintiff has suffered damages in an amount to be proven at trial.

45. Plaintiff is entitled to recover her attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

**Count Four (Individual Claim Under the FLSA)**

46. Plaintiff incorporates herein all previous allegations in this Complaint.

47. At all relevant times, Defendants were covered employers under the FLSA.

48. At all relevant times, Plaintiff was an individual employee covered under the FLSA.

49. Defendants failed to pay Plaintiff overtime compensation for all work weeks in which Plaintiff worked in excess of forty (40) hours in violation of the FLSA.

- 4 -

50. Defendants' conduct described above was willful.

51. Plaintiff is entitled to recover her unpaid overtime compensation and an equal amount as liquidated damages.

52. Plaintiff is entitled to recover her attorneys' fees incurred herein pursuant to 29 U.S.C. § 216.

### Count Five (Collective Claim Under the FLSA)

53. Plaintiff incorporates herein all previous allegations in this Complaint.

54. Plaintiff brings this action under 29 U.S.C. § 216(b) on behalf of Plaintiff and others similarly situated in the following described class, who will file with the Court their consents to sue: All persons formerly or presently employed full-time by OMC as Case Managers (the "FLSA Class" or "Plaintiffs").

55. This is an appropriate collective or representative action under 29 U.S.C. § 216(b), sometimes referred to as an "opt-in class action." Plaintiff and the putative class members are similarly situated in that they have substantially similar job requirements and pay provisions, and have all been misclassified by Defendants as exempt employees under the FLSA, and they have been subject to Defendants' practice of failing to pay them overtime compensation in violation of the FLSA. Any individual who opts-in to this action has full party status pursuant to 29 U.S.C. § 216(b).

56. At all relevant times, Defendants were covered employers under the FLSA.

57. At all relevant times, Plaintiffs were individual employees covered under the FLSA.

58. Defendants failed to pay Plaintiffs overtime compensation for all work weeks in which Plaintiffs worked in excess of forty (40) hours in violation of the FLSA.

59. Defendants' conduct described above was willful.

60. Plaintiffs are entitled to recover their unpaid overtime compensation and an equal amount as liquidated damages.

1  61. Plaintiffs are entitled to recover their attorneys' fees incurred herein pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff(s) pray for judgment against Defendants and requests the following relief:

A. For an award of unpaid wages, in an amount to be proven at trial;

B. For an award of treble damages on the unpaid wages;

C. For the Court to declare that this action is a proper collective action and certify the FLSA Class;

D. For prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. 216(b);

E. For the Court declare that the FLSA Class members were at all relevant times entitled to be paid overtime for work beyond 40 hours in a week;

F. For injunctive relief prohibiting future violations of the rights of the FLSA Class members to overtime;

G. For an award of liquidated damages on the overtime compensation due;

H. For an award of attorneys' fees and related expenses;

I. For an award of prejudgment and post-judgment interest;

J. For an award of Plaintiffs' costs of suit incurred herein; and,

K. For an award of such other relief as the Court may deem just and proper.

DATED this 8th day of September, 2010.

ROBAINA & KRESIN PLLC


By /s/ Cyrus B. Martinez
Cyrus B. Martinez
Attorneys for Plaintiff